In re Gregory F. LIMPERT, Debtor.

Bankruptcy No. 92–16564–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 2, 1993.

Richard V. Ellis, Sarasota, FL, for debtor.

Larry S. Hyman, Tampa, FL, trustee.

Andre R. Perron, Bradenton, FL, for creditor.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Motion to Dismiss this Chapter 7 case. The Motion is filed by James R. Yeskett (Yeskett), a creditor of Gregory F. Limpert (Debtor) who contends that the Debtor is ineligible for relief under the Bankruptcy Code inasmuch as he had a previous Chapter 13 case, which was dismissed within 180 days of the date of the filing of this case. The facts relevant to resolution of this controversy as established by the record are as follows:

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on February 16, 1992. This case was assigned case number 92–2490–8P3. On October 26, 1992, this Court held a confirmation hearing to consider the Debtor's Chapter 13 plan. The United States Government (Government) filed an Objection. The Government objected to the Debtor's Plan on the ground that the Debtor's Plan made no provision for the payment of the priority tax claim of the Government. On November 9, 1992, this Court entered an Order and denied Confirmation of the Debtor's Plan and dismissed the Chapter 13 case.

It is without dispute that the present case was filed within 180 days of the dismissal of the first Chapter 13 case. On December 23, 1992, the Debtor filed the present case, but at this time under Chapter 7 of the Bankruptcy Code.

Based on the foregoing undisputed facts, Yeskett contends that the Debtor is not eligible for relief pursuant to § 109(g) of the Bankruptcy Code, which provides in pertinent part, as follows:

§ 109. Who may be a debtor

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay by section 362 of this title.

Upon review of the record of both the first Chapter 13 case and the second Chapter 7, it is clear that the first chapter 13

case was dismissed because of the Debtor's failure to propose a Plan which provided for proper and adequate treatment of the Government's tax claim, and therefore, failed to meet the requirements of § 1322(a)(2). This being the case, it appears that the Chapter 13 case was not dismissed because the Debtor willfully disobeyed an order of this Court, but instead the first case filed by the Debtor was dismissed based on the finding that the proposed Chapter 13 plan and did not meet the requirements set .forth in § 1322 of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by James Yeskett is hereby denied.

DONE AND ORDERED.